**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**UNITED STATES OF AMERICA,**

      **Respondent,**

**v.**                          **Civil Action No. 3:09-cv-00933**
                                   **(Criminal No. 3:04-cr-00083-02)**

**JUANITA JEAN DICKERSON,**

      **Movant.**

**<u>PROPOSED FINDINGS AND RECOMMENDATIONS</u>**

Pending before the Court is Movant's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Docket No. 1). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons that follow, the undersigned respectfully recommends that Movant's Application be dismissed, with prejudice, and removed from the docket of the Court.

**I.**      **<u>Factual and Procedural Background</u>**

On December 7, 2004, Juanita Jean Dickerson ("Movant") entered a written plea of guilty to Count 1 of a second superseding indictment, which charged her with conspiracy to distribute five or more grams of cocaine base, also known as "crack," and a quantity of cocaine, also known as "coke," in violation of 21 U.S.C. § 846.  Her plea was made in conjunction with a written plea agreement in which the United States pledged

to dismiss two other Counts asserted against Movant in exchange for the guilty plea.[1] The presiding District Judge allowed the guilty plea and conducted a sentencing hearing on March 21, 2005.[2]  Movant was sentenced to one hundred thirty six (136) months of imprisonment followed by eight years of supervised release.  She did not appeal her conviction or sentence.  On August 11, 2005, Movant filed a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody Pursuant to Title 28 U.S.C. § 2255, alleging ineffective assistance of counsel.  According to Movant, her attorney agreed to file an appeal if Movant's sentence exceeded ten years, but then failed to do so.  After conducting an evidentiary hearing, the United States Magistrate Judge recommended that the action be dismissed.  Movant did not object to the findings and recommendations of the Magistrate Judge; accordingly, the District Judge entered an Order dismissing the action on June 4, 2008.

On May 30, 2008, five days before dismissal of her § 2255 motion, Movant filed a request for a reduction of sentence pursuant to 18 U.S.C. § 3582(c), "because of the change in the crack guideline."  On July 11, 2008, the District Judge denied the request, noting that Movant had been sentenced under the guidelines pertaining to career offenders ("Career Offender Guidelines"), rather than the guidelines pertaining to crack cocaine ("Crack Cocaine Guidelines"); consequently, Movant was not eligible for a sentence reduction. On October 15, 2008, Movant filed a second request for a sentence reduction, again based upon 2007 Guideline Amendment Nine ("Amendment 706") of the United States Sentencing Guidelines ("USSG" or "Guidelines"), which reduced by

---

[1] Much of the procedural history is found in *United States of America v. Juanita Jean Dickerson,* Case No. 3:04-cr-00083-02.

[2] *Id.* at Docket No. 415.

two levels the base offense levels for convictions involving crack cocaine.  As a result of Amendment 706, offenses involving 5 grams or more of crack cocaine dropped from a base level of 26 to 24.  Movant contended that with the two-level reduction, her sentence range was 84-105 months, rather than the range used by the District Judge of 110-137 months.[3]  On October 24, 2008, the District Judge denied Movant's second request for a sentence reduction, stating "[a]s previously determined by the Court in its Order dated July 11, 2008, Defendant was sentenced as a career offender under the Guidelines and not based on the drug quantity involved in her offense.  Therefore, the revised guidelines for crack cocaine quantities do not affect her sentence."[4]  Movant did not appeal either of the District Court's denials of her § 3582(c) motions.

On August 11, 2009, Movant filed the instant Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  In the Application, Movant contends that her sentence should be reduced under Amendment 706 based upon the holding in *United States v. McGee,* 553 F.3d 225 (2nd Cir. 2009), a *per curiam* opinion issued by the United States Court of Appeals for the Second Circuit. Plaintiff alleges that like defendant McGee, she was designated as a career offender, but received a downward departure, and her sentence was ultimately based upon the guideline sentence range

---

[3] It is unclear how Movant calculated her reduced sentence range, because she inexplicably listed her base offense level as 26 both before and after the two-level reduction and then used the sentence range for a offense level of 23 to achieve her modified sentence range.  A review of the Guidelines in effect at the time of Movant's sentencing indicates that a two-level drop to 24, combined with Movant's Criminal History Category of V, results in a guideline sentence range of 92-115 months.  In any event, this exercise is moot, because regardless of whether an offense level of 23 or 24 is used, Movant's revised guideline sentence range would be the statutory mandatory minimum sentence applicable to her conviction; that being, 120 months. *See United States v. Fennell,* 592 F.3d 506, 508 (4th Cir. 2010); *See also* USSG § 5G1.1(b) ("where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline range").

[4] See *United States of America v. Juanita Jean Dickerson,* Case No. 3:04-cr-00083-02 at Docket No. 491.

applicable to 5 grams of crack cocaine, the amount to which she plead guilty. Accordingly, Movant claims that she is eligible for a two–level offense reduction under Amendment 706.  In response, the United States argues that Movant is not eligible for a sentence reduction because (1) the presiding District Judge has already denied the reduction on two occasions, barring Movant's application under the doctrine of *res judicata;* (2) the *McGee* decision is inapplicable to Movant's case, because Movant was sentenced under the Career Offender Guidelines and not based upon on the quantity of crack cocaine; and (3) Movant presents no other ground that would entitle her to a sentence reduction.  (*See* Docket No. 4).  Movant has filed a reply memorandum (Docket No. 8); therefore, this matter is fully briefed and ready for disposition.  Because the records of the case conclusively show that Movant is not entitled to the relief requested, a hearing on the Application is unnecessary and Movant's claim may be summarily dismissed.[5]

## II.    **Analysis**

Having fully considered the matter, the undersigned United States Magistrate Judge **RECOMMENDS** that the Presiding District Judge dismiss Movant's Application based upon the following findings:

1.    Movant's Application does not state a valid claim for relief under 28 U.S.C. § 2241, because Movant does not attack the computation or execution of her sentence. Instead, Movant collaterally attacks the validity of the sentence; a claim which must be

---

[5] As explained *infra,* the undersigned construes Movant's Application to be a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody Pursuant to Title 28 U.S.C. § 2255.  Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the Court to review the records of the case and determine whether an evidentiary hearing is warranted.  If after considering the records, the Court concludes that Movant clearly is not entitled to relief, a hearing is not required.  *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970).

asserted by filing an action under 28 U.S.C. § 2255.  *In re Vial,* 115 F.3d 1192, 1194 (4th Cir. 1997).

2.      Movant previously filed a Motion under 28 U.S.C. § 2255, which was dismissed on its merits; therefore, this Motion is a second or successive motion.  In the absence of a directive from the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), this Court lacks jurisdiction to consider a second or successive § 2255 motion.  *In re Vial, supra* at 1197-98; and

3.      Amendment 706 does not apply to Movant, because her sentence was not based on the quantity of crack cocaine involved in her offense.  Movant presents no other basis upon which to reduce her sentence; therefore, her motion fails to state a meritorious claim.

### A.      The Court Lacks Jurisdiction Over this Action.

The law is well-settled that a federal prisoner seeking to collaterally attack the validity of his conviction or sentence must bring an action under 28 U.S.C. § 2255.  *In re Vial, supra* at 1194.  "A Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside, or Correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief."  *Ross v. United States,* 2011 WL 2517256 at *2 (S.D.W.Va.), *citing* Chapter 153, Title 28 of the United States Code.  A petition filed pursuant to § 2241 must allege facts involving the "applicant's commitment or detention" and pertain to the *manner* in which the sentence is executed or calculated rather than its underlying validity.  *Id.; See also United States v. Miller,* 871 F2d 488, 490 (4th Cir. 1989)(*per curiam*).  In contrast, a § 2255 motion alleges that a prisoner's sentence is invalid, because it was imposed in violation of the Constitution or other federal law or is otherwise subject to collateral attack.  *See U.S. v. Bradshaw,*

- 5 -

86 F.3d 164 (10th Cir. 1996).   The remedy under § 2241 is not an additional, supplemental, or alternative remedy to that permitted by § 2255. Instead, "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000).   Here, Movant does not attack the computation of her sentence; for example, by arguing that the Bureau of Prisons failed to give her credit for time served. Instead, she contends that the length of her sentence is too long in view of the reduction allowed under Amendment 706.  Consequently, a motion under § 2255 is the exclusive remedy available to Movant to challenge the legitimacy of her federal sentence.  *In re Jones,* 226 F.3d 328, 333 (4th Cir. 2000); *See also Thrower v. Phillips,* 2009 WL 1683245 (N.D.W.Va.), citing *In re Jones, supra* at 332-333 (4th Cir. 2000)("Typically, this type of challenge to the imposition of a sentence must be brought under § 2255").

Notwithstanding the above, a prisoner may file an application under § 2241 when a motion under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).  However, this exception, called the "savings clause," is limited, applying only when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones, supra* at 333-334. The movant bears the burden of establishing the inadequacy or ineffectiveness of § 2255. *McGhee v. Hanberry,* 604 F.2d 9, 10 (5th Cir. 1979). The mere fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of the Section does not render it ineffective or inadequate.  *In*

re Jones, supra at 333-334; *See also Rice v. Rivera,* 617 F.3d 802, 807 (4th Cir. 2010). "It is the inefficacy of the remedy, not the personal inability to use it that determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. United States,* 290 F.3d 536, 538-539 (3rd Cir. 2002).  More importantly to this case, "Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.2d. 263, 267 (4th Cir. 2008), citing *In re Jones, supra* at 333-334.  Inasmuch as Movant does not contend that the offense for which she was convicted is no longer a criminal offense under federal law, the undersigned finds that Movant has failed to carry her heavy burden of demonstrating the inadequacy or ineffectiveness of  § 2255.  Accordingly, Movant's action is properly considered a § 2255 motion, rather than a § 2241 application for writ of habeas corpus.

As Movant previously filed a § 2255  motion, which related to the same sentence and was decided on the merits, the present motion is a second or successive motion. *See Harvey v. Horan,* 278 F3d 370 (4th Cir. 2002). Section 2255, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), prohibits the filing of a second or successive motion to vacate, set aside or correct a sentence unless the motion has been certified in advance by a panel of the appropriate circuit court of appeals and found to contain newly discovered evidence bearing on the innocence of the movant, or "a new rule of constitutional law, made retroactive to cases on collateral review the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *See also United States v. Winestock,* 340 F.3d 200, 205 (4th Cir. 2003).  Movant failed to obtain pre-

filing authorization from the Fourth Circuit; therefore, this District Court lacks jurisdiction to consider Movant's second or successive § 2255 motion. 28 U.S.C. § 2255; *In re Vial, supra* at 1197-1198. As a result, Movant is unable to proceed with her claim pursuant to § 2241, and this Court is precluded from converting Movant's application to a motion under § 2255. Accordingly, this action should be dismissed.

### B.      Movant is not Eligible for a Sentence Reduction.

Assuming *arguendo* that Movant could overcome the § 2255 gatekeeping hurdle, her Motion still must fail as she is unable to establish any ground under 18 U.S.C. § 3582(c) that would authorize a modification of her sentence. Title 18, Section 3582 of the United States Code governs the imposition of a sentence of imprisonment after conviction of a federal crime. As a general rule, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. 3582(c). However, Congress created a narrow exception to this rule in 18 U.S.C. § 3582(c)(2), which bestows authority upon a court to reduce a sentence, when (1) the defendant was sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) the sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission."[6] *Id.; Dillon v. United States,* 130 S. Ct. 2683 (2010). To be eligible for a sentence reduction under § 3582(c)(2), a defendant must, as a threshold matter, demonstrate that his or her term of imprisonment was ***based on*** a sentencing range that has since been reduced. Once that criteria has been met, the defendant must establish that a sentence reduction would

---

[6] The other circumstances giving rise to similar exceptional authority, which are outlined in § 3582(c)(1), are not raised by Movant and clearly do not apply to her.

not conflict with the applicable Guidelines policy statement, which is USSG § 1B1.10 p.s., as amended by Amendment 712 (2008).[7]  The policy statement provides, in relevant part, the following:

(a)    Authority.—

(1)    In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to the defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2)    Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)  if—

(A)    none of the amendments listed in subsection (c) is applicable to the defendant; or

(B)    an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

---

[7] When considering a sentence reduction, USSG § 1B1.11 requires the court to consult the Guidelines Manual in effect at the time the defendant was sentenced.  In this case, defendant was sentenced on March 21, 2005, so the undersigned is guided by the 2004 Manual.  "However, if a court applies an earlier edition of the Guidelines Manual, the court shall consider subsequent amendments, to the extent that such amendments are clarifying rather than substantive changes." USSG § 1B1.11(b)(2).  A clarifying amendment "merely clarifies what the Commission deems the guidelines to have already meant," and does not change "the legal effect of the guidelines." *United States v. Capers,* 61 F.3d, 1100, 1109 (4th Cir. 1995).  Although the Fourth Circuit has not expressly recognized Amendment 712 to be clarifying rather than substantive, the Court implied that finding in *United States v. Munn,* 595 F.3d 183, 187 (4th Cir. 2010) when it relied upon the amended version of USSG § 1B1.10 p.s. in the context of a sentence imposed under the 2000 Guidelines Manual.  Moreover, the Eleventh Circuit expressly found Amendment 712 to be clarifying, rather than substantive, in *United States v. Mills,* 613 F.3d 1070, 1073 (11th Cir. 2009), noting the absence of a published opinion in any federal circuit addressing this issue.  Certainly, the reason for the amendment, as articulated by the Sentencing Commission, is to "clarify when, and to what extent, a reduction in the defendant's term of imprisonment is consistent with the policy statement and is therefore authorized under 18 U.S.C. § 3582(c)(2)."  *See Supplement to Appendix C, Amendment 712 (*2008).  Consequently, the undersigned finds Amendment 712 to be clarifying and employs it in reaching the recommendations herein.

Thus, the policy statement clarifies that (1) the "sentencing range" referred to in § 3582(c)(2) is the "guideline range applicable to the defendant;" (2) a sentence reduction is not authorized under § 3582(c)(2) unless the amended sentencing range is expressly made retroactive by the Sentencing Commission, and (3) the amended sentencing range actually has the effect of "lowering the defendant's applicable guideline range." USSG § 1B1.10 p.s.

In the present case, Movant relies on Amendment 706 to provide the basis for her requested sentence reduction. Amendment 706 was designed to correct a recognized inequity between sentences imposed for offenses involving crack cocaine and those imposed for offenses involving powder cocaine. Amendment 706, which was made retroactive by the Sentencing Commission in March 2008, modified the base offense levels for convictions involving crack cocaine by decreasing them two levels. As such, under the revised Crack Cocaine Guidelines a defendant convicted of an offense involving at least 5 grams, but less than 20 grams, of crack cocaine, starts with a base offense level of 24 instead of the prior base offense level of 26.

Shortly after the effective retroactive date of Amendment 706, a flurry of § 3582(c) motions were filed, followed by a bout of appeals. As a result, the federal circuit courts created a substantial and often conflicting body of law addressing both the propriety and calculation of sentence reductions available by virtue of Amendment 706. The circuits became sharply divided over the meaning of the phrase "applicable guideline range." *See United States v. Guyton,* 636 F.3d 316 (7th Cir. 2010). Consequently, the Sentencing Commission released a series of amendments to the application guidelines and the relevant policy statements to clarify when, and to what extent, a sentence reduction was appropriate under Amendment 706. To add to the

confusion, many of the appellate cases involved defendants who had been sentenced under prior versions of the Guidelines Manual and before the decision of the United States Supreme Court in *United States v. Booker,* 543 U.S. 220 (2005), a case which altered the application of the Guidelines from mandatory to advisory.

Within this body of law, the Fourth Circuit confirmed that a defendant is eligible under Amendment 706 for a § 3582(c)(2) sentence reduction if the defendant's sentence was "based on" the Crack Cocaine Guidelines and the amended Guidelines actually reduce the defendant's applicable sentence range. *United States v. Munn*, 595 F.3d 183 (4th Cir. 2010). The Court cautioned, however, that Amendment 706 does not authorize a district court to reduce the sentence of a defendant, who was convicted of an offense involving crack cocaine, but whose sentence was predicated on a guideline range other than one pertaining to crack cocaine offenses. *See United States v. Hood*, 556 F.3d 226 (4th Cir. 2009). In *Hood,* for example, the defendant was not eligible for a sentence reduction under Amendment 706, because, despite his conviction for crack cocaine offenses, his applicable guideline range was based on the statutory mandatory minimum sentence pertinent to his crimes; therefore, his sentence was not "based on" the Crack Cocaine Guidelines.[8] *Id.* at 233. *Hood* highlights that, ultimately, the key question in

---

[8] *Hood* is instructive in this case, because defendant Hood received a hefty departure for substantial assistance, but was precluded from consideration for an additional reduction under Amendment 706, because his guidelines sentence was his statutory minimum sentence of 240 months. Defendant Hood's guidelines sentencing range applicable to the quantity of crack cocaine charged against him was 188 to 235 months' imprisonment. However, because of the statutory minimum sentence, his guideline sentence became 240 months. Hood ultimately was sentenced to 100 months based upon a downward departure authorized by 18 U.S.C. § 3553(e). Hood argued that he was eligible for an additional percentage reduction based upon Amendment 706, but the Court explained that because Hood's sentence "was based on" a statutory minimum and the Sentencing Commission had no authority to lower a statutory minimum, the amendments did not have the effect of lowering Hood's guidelines sentence. Since the decision in *Hood*, Congress has passed the Fair Sentencing Act of 2010, which raised the quantity of crack cocaine necessary to trigger a mandatory minimum sentence. However, the Fair Sentencing Act of 2010 was not made retroactive and does not change the mandatory minimum sentences imposed prior to 2010.

evaluating a defendant's request for a sentence reduction under Amendment 706 is whether the defendant's applicable guideline range was "based on" the Crack Cocaine Guidelines. If not, the defendant is not eligible for a sentence reduction pursuant to Amendment 706.[9]

With this framework in mind, the undersigned thoroughly analyzed the records in evidence detailing Movant's sentencing. The records definitively establish that Movant is not eligible for a sentence reduction, because the applicable guideline range used by the District Judge at the time of sentencing was based on the Career Offender Guidelines, not the Crack Cocaine Guidelines. Moreover, the sentencing judge ultimately imposed a term of imprisonment upon Movant that was constructed outside of the Guidelines and largely based on reasons independent of them. As such, Movant's sentence was not "based on" a sentencing range that "has been subsequently lowered by the Sentencing Commission."

Movant asserts that she is entitled to a sentence reduction, because her term of imprisonment rested within the sentence range of the offense level that correlated precisely with the amount of crack cocaine charged against her. That offense level was reduced from a 26 to a 24 by Amendment 706; therefore, her term of imprisonment should likewise be reduced to reflect the lower sentence range associated with level 24. To support her contention, Movant cites to the United States Court of Appeals for the

---

[9] Other sentencing circumstances that precluded the eligibility of defendants, who were convicted of crack cocaine offenses, to receive a sentence reduction pursuant to Amendment 706 include defendants sentenced under the Career Offender Guidelines, *See United States v. Forman*, 553 F.3d 585, 589 (7th Cir. 2009); *United States v. Thomas*, 524 F.3d 889, 890 (8th Cir. 2009), and defendants whose applicable guideline sentence did not change even after reducing the base offense level by two. *United States v. Lindsey*, 556 F.3d 238 (4th Cir. 2009)(after applying the two level reduction, defendant's applicable sentence range remained 360 months to life).

Second Circuit's ("Second Circuit") *per curiam* decision of *United States v. McGee, supra.* According to Movant, the decision-making displayed by the sentencing judge in determining her sentence is indistinguishable from that employed by the District Judge when sentencing McGee.  Inasmuch as McGee was determined to be eligible for a sentence reduction under Amendment 706, Movant argues that she should receive that same consideration. As the Government aptly points out, a *per curiam* opinion issued by another circuit is not controlling on this Court.  Nonetheless, in view of the Fourth Circuit's opinion in *United States v. Munn*, 595 F.3d 183 (4th Cir. 2010), which expressly adopts the interpretation of the Guidelines articulated by the *McGee* Court, the undersigned has carefully reviewed the facts underlying the *McGee* decision and compared and contrasted them to the facts underlying Movant's sentence.[10]

Movant pleaded guilty to one count of conspiracy to distribute five or more grams of crack cocaine. At the time of her sentencing, the District Judge noted that the amount of drugs attributable to Movant triggered a base offense level of 26.  However, the Judge explicitly rejected the applicability of that offense level, finding that "the defendant does

_____

[10] One year after the opinion in *United States v. McGee*, the Fourth Circuit decided *United States v. Munn*.  As a matter of first impression, the Fourth Circuit considered the question of "[w]hether § 3582(c)(2) authorizes a district court to grant a motion for a reduced sentence when the sentencing court designated the defendant as a career offender but then found that the career offender designation overrepresented his criminal history." *Id.* at 187-188.  The Court recognized that "the other courts of appeals to face the question are split on its resolution." *Id.* at 188.  Specifically noting that the opinions of the Eleventh Circuit and Second Circuit (in *McGee*) differed from that of the Eighth Circuit, the Court ultimately adopted the Second Circuit view elucidated in *McGee*. After a lengthy discussion of the sentencing process under the 2000 Guidelines Manual, the Court concluded that the district courts had the authority under § 3582(c)(2) to reduce the sentence of a career offender if "(1) the sentencing court granted an Overrepresentation Departure from the career offender guideline range, and (2) the court relied on the Crack Guidelines in calculating the extent of the departure." *Id.* at 192.  As explained *infra,* it is important to note that the sentencing in *Munn* occurred before the Supreme Court's decision in *United States v. Booker* and before the Guidelines were amended in 2003 to redefine the application of an overrepresentation departure. *United States v. Munn, supra* at 189.  Accordingly, the applicability of *Munn* to the case at bar is extremely limited.  Still, the decision is significant to the extent that it confirms that the key threshold issue in a request for a sentence reduction based upon Amendment 706 is the factual one of whether the defendant's sentence actually was based on the Crack Cocaine Guidelines.

meet the definition of career offender under the guidelines."[11] Thereafter, the Judge calculated the applicable offense level by using the statutory maximum penalty for Movant's offense under the Career Offender Guidelines, resulting in a base offense level of 37.   From that starting point, the Judge reduced the level by two for Movant's acceptance of responsibility, bringing the offense level to 35.   He then applied the Criminal History Category of VI mandated by the Career Offender Guidelines, which produced an applicable guideline sentence range of 292 to 365 months.   Both parties agreed that the Court's calculation of the applicable guideline range was correct.[12]   After hearing the statements of counsel and other witnesses, who were present to speak on behalf of Movant, the District Judge exercised his discretion to apply an overrepresentation departure under USSG § 4A1.1(3)(b) and decreased Movant's Criminal History Category to V, resulting in a final applicable guideline sentence range of 262 to 327 months.   This ended the Court's calculation of the applicable guideline range; this sentence range was explicitly and indisputably based on the Career Offender Guidelines and not on the offense level associated with the quantity of cocaine attributed to Movant.   Only after declaring this sentence range to constitute Movant's guideline range did the Court decide to vary from the Guidelines.   Explaining his reason for the variance, the District Judge stated:

> The Court believes that the sentence would be excessive.   The Court is required to consider the guidelines, but is not bound to sentence within the guidelines.   Rather, the Court is required to evaluate the other factors stated in the statute."[13]

---

[11] *United States v. Dickerson*, Case No. 3:04-cr-00083-02, Docket No. 415 at 10.

[12] *United States v. Dickerson*, Case No. 3:04-cr-00083-02, Docket No. 415 at 11-12.

[13] *United States v. Dickerson*, Case No. 3:04-cr-00083-02, Docket No. 415 at 25.

Thereafter, the Judge examined the factors set forth in 18 U.S.C. § 3553(a).  Taking into consideration these factors and Movant's statutory mandatory minimum sentence of 120 months, the Court arrived at a term of imprisonment that best balanced the various interests.  In pronouncing the term of imprisonment, the Court made the following statements:

> In the end, I believe that the fairest and best sentence that balances all these factors and meets the statutory requirements is to consider a sentence at an offense level of 26. The amount of drugs that you're accountable for here would produce an offense level of 26 before any reduction for anything else.  At a criminal history category of V, that would produce a sentencing guideline range of 110-137 months.
>
> You have a 10-year mandatory minimum, or at least 120 months, because of your prior conviction.  So the Court believes that a sentence of 136 months in prison is a sentence that will best balance all of the factors that I've discussed today.
>
> That is a sentence that exceeds the mandatory minimum of 10 years.  I believe that it's appropriate to give you a sentence that's higher than anyone else's because your criminal record is worse and more serious than anyone else's.  So I think in that sense, it's fair and uniform because it considers your past criminal history.  But I think also a sentence of 136 months, as opposed to these higher sentences, better reflects the two primary factors that lead to it; one, that your role here was a lesser role, although you're certainly culpable . . . Secondly, I think this sentence would better reflect the past that you have, the difficulties you've had with your drug abuse and addiction, and the environment that you have found yourself in all these years.  And I think those things ought to count, too.[14]

It is upon the first three sentences that Movant rests her claim that she was sentenced based upon the Crack Cocaine Guidelines and, therefore, is eligible for a sentence reduction under Amendment 706.  However, as explained below, these statements were offered merely for explanation and do not alter the fact that the Guidelines calculations

---

[14] *United States v. Dickerson*, Case No. 3:04-cr-00083-02, Docket No. 415 at 30.

made by the District Judge were based on the career offender provisions.

An examination of *McGee* reveals significant factual differences between the two sentencings that have a direct bearing on their divergent outcomes.  First, at the time of McGee's pre-*Booker* sentencing in 2001, the Guidelines were mandatory and departures from an applicable guideline sentence had to conform to the instructions and policy statements contained in the Guidelines Manual.  As a result, district courts confronted with the task of imposing draconian sentences under the Career Offender Guidelines had the option of finding that the career offender provisions overrepresented the defendant's criminal history, meriting an "overrepresentation departure" under USSG § 4A1.3.  At that time, the Sentencing Guidelines placed no limitations on the type or extent of an overrepresentation departure available under § 4A1.3, so the court "was free to depart to a lower offense level, a lower criminal history category, or both."  *United States v. Munn*, *supra* at 188*, citing to United States v. Adkins,* 937 F.2d 947, 952 (4th Cir. 1991).  Accordingly, the sentencing judge was authorized by the Guidelines Manual to abandon the career offender offense level prescribed by the Guidelines and its corresponding sentence range and substitute in their place a lower offense level and sentencing range.

Thereafter, in 2003, the Guidelines were amended to clarify that the extent of an overrepresentation departure "for a career offender within the meaning of § 4B1.1 (Career Offender) may not exceed one criminal history category." USSG § 4A1.3(b)(3)(A). Movant was sentenced in 2005 as a career offender; accordingly, the overrepresentation departure available to her did not allow a downward departure from the relevant career offender offense level and, thus, was vastly more limited than the overrepresentation departure granted to McGee.  Moreover, the 2003 amendments to

the Guidelines Manual included a definition of the word "departure," which clarified that a departure was made **from** the applicable guideline sentence, or in the case of the Criminal History Category, was the "assignment of a different criminal history category other than the otherwise applicable criminal history category, in order to effect a sentence **outside the applicable guideline range**." USSG § 1B1.1 cmt. n. 1(E) (emphasis added). As a result, the reasoning articulated by the Second Circuit in *McGee,* and later by the Fourth Circuit in *Munn,* to explain how a career offender given an overrepresentation departure might be eligible for a sentence reduction under Amendment 706 is simply incongruous to an evaluation of Movant's claim. [15]

Second, the Court in *McGee,* having decided to depart downward from the Career Offender Guidelines, explicitly relied upon the only other guideline range that appeared applicable to the defendant; that being, the Crack Cocaine Guidelines. The District Judge used the base offense level corresponding to the quantity of crack cocaine attributable to McGee to calculate his term of imprisonment. In contrast, in Movant's

---

[15] In November 2010, the application instructions contained in USSG § 1B1.1 were amended to implement a three-step approach to making the decision about the sentence to impose on a defendant. *See* Amendment 741. Pursuant to this amendment, determining the applicable guideline sentence is the first step in the sentencing process. The applicable guideline sentence is the sentence range that corresponds to the final offense level and Criminal History Category calculated by the Court under subpart (a) of § 1B1.1. After completing this calculation, the Court turns to subpart (b) of the instructions, which requires review of other factors that might warrant consideration in imposing a sentence. As the third and final step, in subpart (c) the Court reflects on the factors in 18 U.S.C. § 3553(a). Amendment 750, which is set to become effective in November 2011, will further amend § 1B1.10 p.s, the policy statement pertaining to sentence reductions, to clarify that the "applicable guideline range" for purposes of a § 3582(c) motion is the "guideline range determined pursuant to § 1B1.1(a), which is calculated before consideration of any departure provision in the Guidelines Manual or any variance." *USSG Synopsis of Amendment 750.* The Amendment's express purpose is to resolve the conflict between the circuit courts as to the meaning of "applicable guideline range" and confirm that it is "the range established before any departures." The amended instructions and Amendment 750 highlight the fallacy of Movant's argument that the ultimate term of imprisonment imposed in her case reflected the applicable guideline sentence for purposes of a § 3582(c) sentence reduction.

case, the District Judge had the authority under *Booker* to reject the "applicable guideline range" outright and impose a sentence based not on the Guidelines, but rather on other factors, such as those set out in 18 U.S.C. § 3553(a) and the statutorily mandated minimum sentence. This is precisely method by which the District Judge arrived at Movant's term of imprisonment.[16]

In *McGee*, defendant Darius McGee, was convicted of a crack cocaine offense similar to Movant's offense.  At sentencing, the presiding District Judge designated McGee a career offender under Sentencing Guideline § 4B1.1.  However, after finding that the career offender classification overrepresented McGee's criminal history, the District Judge departed downward from the relevant career offender offense level and substituted the crack cocaine base offense level that would have applied to defendant if he were not a career offender.  The Judge sentenced McGee to 115 months based on a post-departure sentence range that was calculated as follows:  starting with a base offense level of 26 (the level corresponding to at least five grams but less than twenty grams of crack cocaine), the Judge  subtracted three levels for McGee's acceptance of responsibility, resulting in a final offense level of 23.  With a criminal history category of VI, McGee's sentence range was 92-115 months.  McGee was sentenced to the high end of that range.   On appeal, the Second Circuit found that McGee was eligible for a sentence reduction, because the District Court clearly premised McGee's sentence range

---

[16] The difference between these two calculations is apparent.  As more fully explained hereafter, in *McGee,* the Court began its guideline calculation with the crack cocaine base offense level of 26 and made an acceptance of responsibility reduction from that level to reach a final level of 23, the range from which a term of imprisonment was imposed.  In the present case, the Court made the guideline calculation starting with the career offender base offense level of 37 and making the acceptance of responsibility reduction from that level, resulting in a final level of 35.  The ultimate term of imprisonment imposed here fell within the range of level 26, which would have been the starting point if the District Judge had actually calculated the applicable guideline range based on the Crack Cocaine Guidelines.

on the Crack Cocaine Guidelines. The Circuit Court explained, "in granting the departure, the district court explicitly stated that it was departing from the career offender sentencing range 'to the level that the defendant would have been in absent the career offender status calculation and consideration,' thereby accepting the government's contention that the appropriate category for McGee was that into which he 'would have fallen absent the career offender effect upon his guideline calculation.'" *United States v. McGee, supra* at 227.

Turning to the transcript of Movant's sentencing and judging by comparison, the undersigned notes that the process used by the District Judge in determining Movant's sentence did not mirror the process in *United States v. McGee.* At Movant's sentencing, notwithstanding the Court's reference to the crack cocaine offense level, the Court did not rely on the Crack Cocaine Guidelines to determine Movant's applicable guideline range. Instead, the District Judge calculated the applicable range using the Career Offender Guidelines; then, at the urging of defense counsel,[17] the District Judge exercised his discretion under *United States v. Booker* and imposed a term of imprisonment consistent with an analysis of the factors in § 3553(a), taking into account the statutory mandatory minimum sentence as well as the goals and purposes of sentencing. This distinction is fatal to the viability of Movant's motion.  In conducting

---

[17] At sentencing, defense counsel urged the Court to abandon the guideline range and sentence Movant to the statutory minimum of 120 months, arguing "The advisory guidelines are an optional sentencing scheme.  The career offender category is an additional sentencing scheme or apparatus within an advisory and optional overall sentencing scheme.  And the medicine is just simply too much. . . So what we're asking the Court to do is reject the advisory guidelines and sentence according to the statute.  The advisory guidelines are just that; they're advisory.  The career offender is a product, creature, of the guidelines.  And we're asking this Court to follow the Supreme Court, who has said, in effect, things are different."  *United States v. Dickerson*, Case No. 3:04-cr-00083-02, Docket No. 415 at 23-24.

the Guidelines calculation, the Judge stated as follows:

> The defendant stands convicted of conspiracy to distribute more than 5 grams of cocaine, of crack cocaine, in violation of 21, United States Code, Section 846.  The Government filed an information under 21, United States Code, Section 851 charging that the defendant had previously been convicted of a drug felony, a violation of 841(a)(1), which is a distribution of controlled substance charge, on or about May 4, 1998, in Criminal Action 3:98-18.

> The defendant has affirmed that she was so convicted.  As a result, the maximum statutory penalties are essentially doubled, including the mandatory minimum.  As a result, the federal law provides for the following maximum penalties for this violation:  Imprisonment of 10 years to life, supervised release of at least 8 years, a fine of $4 million, restitution, and the $100 special assessment, and the loss of certain federal benefits for up to 10 years.  In addition, federal statutory law prohibits the Court from considering a sentence of probation instead of imprisonment.

> Turning to the guidelines, the relevant guideline is found in Section 2D1.1 The Court finds the amount of drugs attributable to this defendant is the marijuana equivalent of 361.08 kilograms.  That provides for a base offense level of 26.

> Under Section 4B1.1, the offense level for a career offender is the greater of the offense level under the applicable offense guideline or the offense level under the career offender guideline.  The Court finds here the defendant does meet the definition of a career offender under the guidelines . . . Because the statutory maximum penalty for the instant offense is life, the offense level under the career offender guideline is 37.  **And because it is the higher of the two, it is controlling.  So the applicable** - - - **so the offense level is deemed to be 37.**

> The defendant is entitled to a two-level decrease for acceptance of responsibility because she pled guilty before trial and truthfully admitted her conduct.  That decreases the offense level down to 35.  I understand that the Government does not move that the defendant be entitled to the third point reduction for acceptance of responsibility . . . **That leaves her total offense level under the guidelines at 35.**

> She has 10 criminal history points.  According to the sentencing table, 10 criminal history points would establish a criminal history category of V. However, because she is a career offender under these guidelines, in Section 4B1.1 it is determined that a career offender's criminal history category in every case shall be a category VI, one category higher.

- 20 -

>**At a total offense level of 35 and a criminal history category of VI, the guideline range would be imprisonment of 292 to 365 months, supervised release of 8 years, a fine of $20,000 to $4 million, restitution, and the $100 assessment.** Do the Government - - does the Government or the defendant object to or want to comment on my calculations as to the guidelines to this point?

*United States v. Dickerson,* Case No. 3:04-cr-00083-02 at Docket 415 (emphasis added). Neither party contested the applicability or accuracy of the career offender sentence range as calculated by the District Judge. After completing the calculations mandated by the Guidelines, the Judge allowed both parties to speak and offer witnesses. Movant's counsel made a forceful argument, asking the Court to "reject the advisory guidelines and sentence according to the statute," which provided for a mandatory statutory minimum sentence of ten years (120 months).

After considering the statements of counsel and Movant's witnesses, the District Judge first exercised his discretion under 4A1.1(3)(b) to decrease the Criminal History Category from VI to V, leaving a guideline sentencing range of 262 to 327 months. The Judge stated:

>The Court believes that that sentence would be excessive. The Court is required to consider the guidelines, but is not bound to sentence within the guidelines. Rather, the Court is required to evaluate the other factors stated in the statute [18 U.S.C. § 3553]. And I've considered those, and I'll comment on them briefly . . . You're going to get at least 10 years today . . . I do think it's important for the Court to consider what type of sentence and sentence requirements would help get both of us where we want you to be, which is for you to be out of the drug picture and clean and for this Court not to have to worry about you being involved in drugs and other criminal behavior . . . Another important factor that I'll mention is the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . All of that leads me to conclude that in this case a sentence that applies to the offense level is too high. I believe that that sentence would be unjust because the Court is required to impose a sentence that is the lowest sentence that the Court believes will achieve a fair balance of all these factors that I've discussed. And I believe, then, that a sentence at an offense level of 35 would be unfair because you would be receiving a

sentence more than twice as much as any other defendant in this case. And, again, your criminal history is worse, so you deserve a higher sentence . . .  In the end, I believe that the fairest and best sentence that balances all these factors and meets the statutory requirements is to consider a sentence at an offense level of 26.  The amount of drugs you're accountable for her would produce an offense level of 26 before any reduction for anything else . . .  I believe it's appropriate to give you a sentence that's higher than anyone else because your criminal record is worse and more serious than anyone else's.  So I think in that sense, it's fair and uniform because it considers your past criminal history.

(*Id.*).  Unlike the Court in *McGee,* here, the District Judge calculated Movant's sentence range using the offense level dictated by career offender provisions, but then rejected the applicable guidelines range and imposed a non-guideline sentence.  While the Court in *McGee* similarly disregarded the Career Offender Guidelines, to the contrary, it simply replaced them with the Crack Cocaine Guidelines and performed McGee's sentence calculation starting with the base offense level that corresponded to the quantity of crack cocaine for which McGee was accountable and making reductions from that Crack Cocaine Guideline.

Movant misconstrues the Court's comment about the quantity of crack cocaine to argue that her sentence was imposed in a manner similar to the imposition of McGee's sentence.  However, this argument ignores the impact of *United States v. Booker* and the crucial amendments to the Guidelines on the issue of "departures," both of which occurred after the sentencings of McGee and Munn. Furthermore, Movant disregards the transcript of her sentencing, which demonstrates that the Court's reference to offense level 26 was made in the context of explaining the Court's intention to prevent wide disparity between the sentences imposed on Movant and her co-conspirators.  The transcript unequivocally establishes that the District Judge calculated Movant's applicable guideline range using the relevant career offender base offense level and

varied from the Guidelines to craft a sentence.  The mere fact that the Court, after departing from the applicable guideline range, considered a sentence range that corresponded to a crack cocaine offense and imposed a sentence within that range does not establish the factual or logical connection necessary upon which to conclude that the Court calculated the applicable guideline range based upon the Crack Cocaine Guidelines.[18] Accordingly, the undersigned **FINDS** that the factual predicate of the *McGee* decision is inapposite to the circumstances of Movant's sentence. The undersigned further **FINDS** that the guideline range applicable to Movant was based on the Career Offender Guidelines and the sentence imposed on Movant was the result of a non-guideline variance made by the District Court.  Therefore, Movant is not eligible for a reduced sentence under Amendment 706.

### III.    Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** the following:

1.    Movant's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Docket No. 1) be **DENIED**; and

2.    This civil action be **DISMISSED, with prejudice,** and removed from the docket of this Court.

Movant is notified that this "Proposed Findings and Recommendations" is hereby

---

[18] Even if Movant could establish eligibility for a sentence reduction under 3582(c)(2), the limitations placed on the extent of the reduction by § 1B1.10(b)(2)(B) would render eligibility meaningless. Subdivision B of Section (b)(2) limits the extent to which a court can reduce a sentence under § 3582(c)(2), stating that "[h]owever, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and <u>United States v. Booker</u>, 543 U.S. 220 (2005), **a further reduction generally would not be appropriate**" (emphasis added).

**FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Movant shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Movant, the respondent, and any counsel of record.

**FILED**:  July 15, 2011.

Cheryl A.  Eifert
United States Magistrate Judge